### No. 5004.

JAMES M. LEWIS *v.* FAIRBANKS & GILMAN and D. & J. D. EDWARDS.

Where the indorsers on a promissory note are sued, it is not necessary, when they had filed only a general denial, to prove their signature, the note having been received without objection.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. Clarke, Bayne & Renshaw,* for plaintiff and appellee. *Hornor & Benedict,* for defendant and appellant.

MORGAN, J. The note sued on is in the following words:

"$2207 44.                              NEW ORLEANS, October 18, 1873.

"Thirty days after date we promise to pay to the order of Daniel & J. D. Edwards twenty-two hundred and seven dollars and forty-four cents, value received, with interest at the rate of eight per cent. per annum from maturity till paid.

(Signed)                  "FAIRBANKS & GILMAN."

Indorsed: Daniel & James D. Edwards.

All the parties to the note were sued, and judgment asked against them *in solido.* Daniel & James D. Edwards pleaded the general issue. On the trial the note sued on was offered in evidence and received without objection. Judgment was rendered as prayed for. D. & J. D. Edwards appeal. The error assigned is that the indorsement of the Edwards was not proved. Their answer being a general denial, and the note having been offered in evidence and received without objection, it was not necessary to prove their signature. The case of Blum *v.* Sallis, 24 An. 118, relied on by appellants, does not apply. There the attempt was to confirm a judgment by default, plaintiff claiming title to the note by reason of the indorsement thereon. The suit was not against the indorser. The indorsement was plaintiffs' title. It was under this state of facts that the court held that the case should be remanded in order to prove the indorsement. Here it is the indorsers who are sued, and we repeat it was not necessary, when they had filed only a general denial, to prove their signature, the note having been received without objection. The appeal was intended for delay.

Judgment affirmed, with ten per cent. damages for a frivolous appeal.